# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00641-CR

**Mark Gibson Dudley, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
### NO. 13-1383-826, HONORABLE DONNA GAYLE KING, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant was charged with indecency with a child. *See* Tex. Penal Code § 21.11(a)(1) (providing that person commits offense if he "engages in sexual contact with the child or causes the child to engage in sexual contact" and if child is "younger than 17 years of age"), (d) (stating that offense is second-degree felony). Under the terms of a plea-bargain agreement, appellant agreed to enter a plea of guilty to the alleged offense in exchange for the State agreeing to recommend that appellant's adjudication of guilt be deferred and that appellant be placed on community supervision for ten years. The district court accepted the terms of the plea bargain, deferred appellant's adjudication of guilt, and placed appellant on community supervision for ten years. A few months later, the State moved to adjudicate appellant's guilt and revoke his community supervision. During the hearing on the State's motion, the district court determined that appellant violated the terms and conditions of his community supervision, found appellant guilty of indecency with a child, and sentenced appellant to fifteen years' imprisonment. *See id.* § 12.33 (listing permissible punishment

range for second-degree felony). Appellant appeals the district court's judgment adjudicating his guilt and revoking his community supervision.

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. Counsel's brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. *See* 386 U.S. 738, 744-45 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81-82 (1988) (explaining that *Anders* briefs serve purpose of "assisting the court in determining both that counsel in fact conducted the required detailed review of the case and that the appeal is . . . frivolous"). Appellant's counsel has represented to the Court that he provided copies of the motion and brief to appellant; advised appellant of his right to examine the appellate record, file a pro se brief, and pursue discretionary review following the resolution of the appeal in this Court; and provided appellant with a form motion for pro se access to the appellate record along with the mailing address of this Court. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). Appellant has not requested pro se access to the appellate record or filed a pro se brief.

We have independently reviewed the record and have found nothing that might arguably support the appeal. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We agree with counsel that the appeal is frivolous and without merit. We grant counsel's motion to withdraw and affirm the district court's judgment adjudicating appellant's guilt.[1]

---

[1] No substitute counsel will be appointed. Should appellant wish to seek further review of his case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. *See generally* Tex. R. App.

2

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:  August 12, 2016

Do Not Publish

_____

P. 68-79 (governing proceedings in Court of Criminal Appeals).  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that this Court overrules the last timely motion for rehearing filed.  *See id.* R. 68.2.  The petition must be filed with the clerk of the Court of Criminal Appeals.  *Id.* R. 68.3(a).  If the petition is mistakenly filed with this Court, it will be forwarded to the Court of Criminal Appeals.  *Id.* R. 68.3(b).  Any petition for discretionary review should comply with the rules of appellate procedure.  *See id.* R. 68.4.  Once this Court receives notice that a petition has been filed, the filings in this case cause will be forwarded to the Court of Criminal Appeals.  *See id.* R. 68.7.